UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| SERGIO OROZCO-RIOS | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:11-0973 |
| | ] | Judge Trauger |
| UNITED STATES OF AMERICA | ] | |
| Respondent. | ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Federal Detention Center in Oakdale, Louisiana. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

### I. Background

On March 25, 2010, pursuant to a plea agreement, the petitioner pled guilty to conspiring to possess with the intent to distribute cocaine. United States of America v. Sergio Orozco-Rios, Criminal Action No.3:09-00186-6 (M.D. Tenn.), Docket Entry No.335. For this crime, he received a sentence of one hundred twenty eight (128) months in prison, to be followed by five years of supervised release. *Id.*, at Docket Entry No.470. Having pled guilty, there was no direct appeal of the conviction taken by the petitioner.

1

## II. Procedural History

On October 11, 2011, the petitioner filed the instant § 2255 motion (Docket Entry No.1) attacking the conviction. In his motion, the petitioner sets forth six instances in which he was allegedly denied the effective assistance of counsel.[1] These claims include

1) counsel failed to conduct a reasonable investigation into the charges and formulate an adequate defense strategy;

2) counsel "misrepresented material facts as to the consequences and imprisonment terms his guilty plea could bring";

3) counsel failed to subject the prosecution's case to a "meaningful adversarial testing";

4) counsel neglected to bring a translator with him during his visits with the petitioner;

5) counsel coerced the petitioner into signing the Plea Agreement; and

6) the cumulative effect of counsel's errors served to deprive the petitioner of the effective assistance of counsel.

After examining the motion, the Court found that it was not facially frivolous. Accordingly, by an order (Docket Entry No.3) entered October 18, 2011, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court is the Government's Answer

---

[1] The petitioner was represented by Barry Tidwell, a member of the Rutherford County Bar.

(Docket Entry No.22) opposing the motion, to which the petitioner has offered no reply.

Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### III. Analysis of the Claims

The petitioner cites six instances in which he was allegedly denied the effective assistance of counsel. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759,771 (1970). An ineffective assistance claim will only succeed, however, if the petitioner can demonstrate that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Within the context of a guilty plea, the petitioner must show that, but for counsel's errors, there is a reasonable probability that he would have proceeded on to trial rather than plead guilty. Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in

the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491,497 (6th Cir. 2003).

The petitioner first contends that his attorney failed to conduct a reasonable investigation into the charge and formulate an adequate defense strategy (Claim No.1).

The respondent argues, and the Court agrees, that there was overwhelming evidence of the petitioner's guilt. In light of such evidence, counsel determined that it was in the petitioner's best interest to cooperate with the Government as much as possible to obtain a lighter sentence. Docket Entry No.22-3 at pg.2.

At the hearing to discuss petitioner's Plea Petition, the petitioner admitted his guilt to the charge. Docket Entry No.22-2 at pg.17. He acknowledged discussing possible defenses with counsel and stated that he was satisfied with counsel's investigation of the case. *Id.*, at pgs.4-5. A plea colloquy is a solemn event and "dispositions by guilty pleas are accorded a great measure of finality." Blackledge v. Allison, 431 U.S. 63,71 (1977). Because courts must be able to rely on a defendant's statements to a plea colloquy, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and patently frivolous or false'". United States v. McMaster, 403 F.3d 216,221 (4th Cir. 2005).

This particular allegation of ineffective assistance runs

contrary to the petitioner's sworn statements made to the Court during his plea hearing. There is nothing in the record to suggest that petitioner's sworn statements may have been in any way inaccurate or coerced. Consequently, the Court finds no merit in this claim.

The petitioner next claims that he was denied the effective assistance of counsel because his attorney "misrepresented material facts as to the consequences and imprisonment terms his guilty plea could bring" (Claim No.2).

The petitioner, however, has neglected to identify the "misrepresented material facts" referred to in his claim. Docket Entry No.1 at pg.6. Nor does the record suggest that counsel misled the petitioner in any way as to the consequences of his guilty plea or the potential length of his sentence. Accordingly, the Court finds no merit in this claim as well.

The petitioner believes that counsel was deficient for failing to subject the prosecutor's case to a "meaningful adversarial testing" (Claim No.3).

During petitioner's plea hearing, the prosecution set forth the factual basis for the charge against him. Docket Entry No.22-2 at pgs.15-16. Defense counsel did not challenge the facts as recited by the prosecution and when asked if the prosecutor had accurately described his role in the conspiracy, the petitioner responded "Yes". *Id.*, at pg.17. The petitioner, by his own words,

conceded that the evidence available to the prosecution supported his guilty plea. Therefore, counsel was not deficient for failing to further test the prosecution's case.

The petitioner is a native of Mexico and "is not fluent in the English language". Docket Entry No.1 at pg.7. He argues that counsel was deficient for failing to bring a translator with him during their visits (Claim No.4).

The petitioner asserts that, without a translator, he was unable to properly confer with his attorney and intelligently participate in his defense. *Id.*, at pg.8. In an affidavit, defense counsel averred that he had met with the petitioner on eight occasions. Docket Entry No.22-3 at pg.1. Counsel recalled communicating with the petitioner very well without a translator. *Id.*, at pg.2. However, out of an abundance of caution, counsel brought a translator to discuss the Plea Agreement and the Plea Petition. He also provided the petitioner with copies of those documents in both English and Spanish.[2] *Id.; see also* Docket Entry No.22-1.

At the plea hearing, the petitioner testified that he had discussed possible defenses with counsel and that he had read and fully understood the Plea Agreement and Plea Petition. Docket Entry No.22-2 at pgs.4-7. He acknowledged receiving a copy of the

---

[2] At his plea hearing, the petitioner acknowledged that he could read and write Spanish. Docket Entry No.22-2 at pg.3.

indictment, reading it and discussing it with counsel. The petitioner also confirmed that he understood the accusations against him and that he had thoroughly discussed the prosecution's case with counsel. Docket Entry No.22-1 at pg.1.

A translator aided the petitioner during both his plea hearing, Docket Entry No.22-2 at pg.2, and sentencing hearing. Criminal Action No.3:09-00186-6, Docket Entry No.521 at pg.2. The Presentence Report was read to the petitioner in Spanish. *Id.* The petitioner has not identified any questions arising from a language barrier or in what way he was unable to participate in his defense. This claim, therefore, also lacks merit.

The petitioner's fifth claim is that counsel coerced him into signing the Plea Agreement (Claim No.5).

In the Affidavit provided by petitioner's counsel, he denies having pressured or coerced the petitioner into pleading guilty. Docket Entry No.22-3 at pg.2. The petitioner testified at the plea hearing that no one put any pressure on him, psychological or physical, to plead guilty. Docket Entry No.22-2 at pg.13. He stated that he was pleading guilty "freely and voluntarily and of my own accord." Docket Entry No.22-1 at pg.4. Consequently, the petitioner has failed to show that his guilty plea was in any way coerced by counsel.

The petitioner's final claim is that the cumulative effect of his attorney's errors served to deprive him of the effective

assistance of counsel (Claim No.6). Having found no deficiencies in counsel's representation, this claim has no merit.

### IV. Conclusion

Having considered the petitioner's Motion, the Government's Answer and the expanded record, the Court can find no reason to vacate, set aside or correct petitioner's sentence. His motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge